STATE of North Dakota ex rel. C. P. DAHL, Director of the State Laboratories Department, Petitioner and Respondent,

v.

Ralph DEWING, Director of the Department of Accounts and Purchases, Helgi Johanneson, Attorney General, and Ben Meier, Secretary of State, all as members of the State Auditing Board, and William L. Guy, Governor of the State of North Dakota, Respondents and Appellants.

No. 8190.

Supreme Court of North Dakota.

Nov. 10, 1964.

Helgi Johanneson, Atty. Gen., and Vance K. Hill, Sp. Asst. Atty. Gen., Bismarck, for respondents and appellants.

William J. Daner, of Wheeler & Daner, Bismarck, for petitioner and respondent.

ERICKSTAD, Judge.

On petition of the State of North Dakota, on relation of the Director of the State

Laboratories Department, an alternative writ of mandamus was sought. The District Court granted an alternative writ, and, following a hearing pursuant to said writ, issued a peremptory writ of mandamus directing certain action on the part of the State Auditing Board. From this writ the members of the State Auditing Board and the Governor of this state appeal.

The material parts of the petition are as follows:

I

The 38th Legislative Assembly of the State of North Dakota duly passed Senate Bill No. 1, including Subdivision 42 of Section 3 thereof, and the Governor of the State of North Dakota thereafter purportedly vetoed the line item "Salary —Director ............ $18,000.00";

II

The State Auditing Board since July 1, 1963, has not paid the salary of the Director of the State Laboratories Department, and has refused and continues to refuse to pay said salary, but has paid Petitioner from the Department clerk-hire appropriation, depleting that item;

III

The law creating the State Laboratories Department is an initiated measure and a continuing appropriation (Chapter 258, NDSL 1939; Sections 19–01–02 through 19–01–08 inclusive and 19–01–17 and 19–01–18, NDCC). Section 3 of said measure (Section 19–01–03, NDCC) providing for, inter alia, the Director's salary, has been thereafter duly amended by Chapter 181 NDSL 1947 and Chapter 314 NDSL 1949 so as now to read in this respect: " * * * the salary shall be as appropriated therefor by the legislative assembly."

IV

The next to last paragraph of Section 25, North Dakota Constitution, provides: "The veto power of the governor shall not extend to the measures initiated by or referred to the electors * * *" The veto of the governor in this case attempts invalidly to extend to an initiated measure and to a continuing appropriation.

V

There is no plain, speedy, and adequate remedy in the ordinary course of law to enforce payment of the salary of the Director of the State Laboratories Department in the face of refusal of the State Auditing Board to approve.

VI

Petitioner respectfully applies and petitions the Court for an Alternative Writ of Mandamus commanding the above Respondents as members of the State Auditing Board to immediately and forthwith approve the vouchers for salary accrued by the Director of the State Laboratories Department, pursuant to Section 19–01–08 NDCC, as appropriated by Section 19–01–03 NDCC and Subdivision 42 of Section 3, Chapter 1, NDSL 1963; or in the alternative that said Respondents show cause before this Court on the 13th day of July, 1964, at 9:30 o'clock, a. m., or as soon thereafter as counsel may be heard, why they have not approved said voucher [s].

The essential portions of the peremptory writ read as follows:

"Petitioner's application for alternative writ of mandamus having been granted, and respondents not having complied therewith nor shown cause why the command therein should not be carried out, and there being no material fact in controversy, and it being found in open court hearing that the allegations of petitioner's application and affidavit are clear and correct; the parties having agreed that the remedy sought is proper; and the court having found and determined that the Governor's veto of the appropriation item for

Salary of the Director of the State Laboratories Department in Subdivision 42, Section 3, Chapter 1, NDSL 1963, is void;

"NOW THEREFORE, this peremptory writ of mandamus is hereby issued and the above named respondent members of the State Auditing Board are commanded to approve vouchers for salary appropriated and unpaid to the Director of the State Laboratories Department, pursuant to Section 19-01-03 NDCC and Subdivision 42 of Section 3, Chapter 1, NDSL 1963, and to carry into effect such bookkeeping entries, transfers and credits in order to reimburse the clerkhire item shown under said Subdivision 42, Section 3, Chapter 1, NDSL 1963, for the amounts already expended thereunder for payment to C. P. Dahl in lieu of his salary as Director of the State Laboratories Department, on or before the 31st day of July, 1964, and that Petitioner be allowed his costs and disbursements herein."

The appellants specify as error the District Court's finding that the Governor's veto was void and contend that the writ should not have been issued.

A study of Sections 25, 79, and 80 of our State Constitution is necessary for a proper consideration of this case.

The material portions of Section 25 read as follows:

"The legislative power of this state shall be vested in a legislature consisting of a senate and a house of representatives. The people, however, reserve the power, first, to propose measures and to enact or reject the same at the polls; second, to approve or reject at the polls any measure or any item, section, part or parts of any measure enacted by the legislature.

"The first power reserved is the initiative. Ten thousand electors at large may propose any measure by initiative petition. Every such petition shall contain the full text of the measure and shall be filed with the Secretary of State not less than ninety days before the election at which it is to be voted upon.

\* \* \* \* \* \*

"The veto power of the Governor shall not extend to the measures initiated by or referred to the electors. No measure enacted or approved by a vote of the electors shall be repealed or amended by the legislature, except upon a yea and nay vote upon roll call of two-thirds of all the members elected to each house.

"This section shall be self executing and all of its provisions treated as mandatory. Laws may be enacted to facilitate its operation, but no laws shall be enacted to hamper, restrict or impair the exercise of the rights herein reserved to the people."

The full text of Sections 79 and 80 follows:

"Section 79. Every bill which shall have passed the legislative assembly shall before it becomes a law, be presented to the governor. If he approves, he shall sign, but if not, he shall return it with his objections, to the house in which it originated, which shall enter the objections at large upon the journal and proceed to reconsider it. If, after such reconsideration, two-thirds of the members-elect shall agree to pass the bill, it shall be sent, together with the objections to the other house, by which it shall likewise be reconsidered, and if it be approved by two-thirds of the members-elect, it shall become a law; but in all such cases the vote of both houses shall be determined by the yeas and nays, and the names of the members voting for and against the bill shall be entered upon the journal of each house respectively. If any bill shall not be returned by the governor within three days (Sundays excepted)

after it shall have been presented to him, the same shall be a law unless the legislative assembly by its adjournment, prevent its return, in which case it shall be a law unless he shall file the same with his objections in the office of the secretary of state within fifteen days after such adjournment."

"Section 80. The governor shall have power to disapprove of any item or items or part or parts of any bill making appropriations of money or property embracing distinct items, and the part or parts of the bill approved shall be the law, and the item or items and part or parts disapproved shall be void unless enacted in the following manner: If the legislative assembly be in session he shall transmit to the house in which the bill originated a copy of the item or items, or part or parts thereof disapproved together with his objections thereto, and the items or parts objected to shall be separately reconsidered, and each item or part shall then take the same course as is prescribed for the passage of bills over the executive veto."

The appellants argue that the item vetoed by the Governor was a line item for the salary of the Director of the State Laboratories Department, as contained in Senate Bill 1, providing for the appropriations for the executive, legislative, and judicial branches of our state government, and that it was not an initiated measure governed by Section 25 of the Constitution but was merely an item of a bill enacted by the Legislature, subject to the Governor's veto power under Sections 79 and 80. They cite State ex rel. Sandaker v. Olson, 65 N. D. 561, 260 N.W. 586, to support their view:

"1. The Governor has the constitutional power to disapprove of any item in any bill enacted by the legislative assembly making appropriations of money embracing distinct items, and such item or items disapproved are void and remain void until reconsidered by the Legislature and passed over his veto in the same manner as any bill which the Governor may veto." State ex rel. Sandaker v. Olson, supra, Syllabus.

The Director of the State Laboratories Department contends that the Governor's veto of the Director's salary "extends to an initiated measure, in violation of Section 25 of the North Dakota Constitution * * *."

He argues that the law establishing the Laboratories Department was created by an initiated measure and that even though the section providing for the salary of the Director has been amended twice by the Legislature by a two-thirds vote of all the members elected, it still retains its initiative character under the majority opinion in State ex rel. Strutz v. Baker, 71 N.D. 153, 299 N.W. 574.

"A statute amended does not lose its identity. It is still the statute. The initiated measure being amended constitutionally, it is the same as if the provision in the amendment had been in the bill as initiated. For the legislature to make another change of this same measure requires the same constitutional vote. This applies to every section of the initiated measure, whether amended or unamended." State ex rel. Strutz v. Baker, supra, 299 N.W. at 579.

Two members of the court concurred especially in the Baker case, as follows:

"I am unable to agree with those portions of the majority opinion that lead to the conclusion that an initiated or referred measure having once been adopted by popular vote, ever after requires a two-thirds vote in each house to amend or repeal it regardless of the number of valid amendments enacted by the legislature. Once a popular measure always a popular measure, is a conclusion with which I cannot agree.

\* \* \* \* \* \*

" * * * I am of the opinion that when the legislature, by a two-thirds vote in both houses, has 'amended and re-enacted to read as follows' any section or sections of an initiated measure, those sections are thereafter to be considered legislative enactments subject to amendment or repeal as such." State ex rel. Strutz v. Baker, supra, 299 N.W. at 581.

The Director acknowledges the concurring opinion in said case but states that even if the rationale of the concurring opinion were to be adopted by this court, so that Section 19-01-03, N.D.C.C., dealing with the appointment and salary of the Director, and Section 19-01-08, N.D.C.C., dealing with the payment of expenses of the Department, which sections have been amended by the vote necessary to amend an initiated measure, were to be considered no longer initiative in character, the veto extends to the other sections of the initiated measure which have not been amended, and therefore the veto is void.

Let us review the legislative history of the act creating the State Laboratories Department.

The act establishing the State Laboratories Department, an initiated measure consisting of fifteen sections, was approved by the electors on June 28, 1938. N.D. Sess.Laws 1939, ch. 258. Section 3, among other things, provided that the annual salary of the Director should not exceed $3,000.00. With the adoption of the North Dakota Revised Code in 1943, Section 3 became Section 19-0103. Section 19-0103 was amended in 1947 to provide that the Director receive an annual salary of not more than $3,600.00. N.D.Sess.Laws 1947, ch. 181.

In 1949 this section was amended to provide that the Director "shall receive an annual salary of such amount as appropriated therefor by the legislative assembly." N.D.Sess.Laws 1949, ch. 314, sec. 6.

All of these amendments were adopted by a two-thirds vote of all the members elected to each house of the Legislature.

That portion of Section 6 of the initiated measure dealing with the procedure of payment of expenses was amended in 1959. N.D.Sess.Laws, ch. 373, sec. 1.

In 1963 the Legislature enacted Senate Bill 1, known as the "Omnibus Bill." This is now contained in Chapter 1 of the 1963 North Dakota Session Laws. Subdivision 42 of Section 3 of this bill provided for the appropriations for the 1963–65 biennium for the State Laboratories Department. Line 1 of this subdivision read: "Salary— Director .... $18,000.00." This line item was vetoed by the Governor following the adjournment of the Legislative Assembly. The Senate and House journals indicate that the bill originally was passed by more than a two-thirds vote of all the members elected in each house. House Journal 1458, Senate Journal 1163, 38th Legislative Assembly.

Minor changes were made in all sections of the initiated measure when the Code was revised in 1943. The revisors' notes indicate that the revisions were for clarity and brevity, without change in meaning. Some parts were omitted as being obsolete or as surplusage. The revision made no substantive change in the initiated measure and therefore did not affect its character as such.

House Bill 49, enacted by the Legislature in 1943, adopted the North Dakota Revised Code. The vote for the adoption of the Revised Code was by more than two-thirds of all the members elected in each of the houses of the Legislature. House Journal 368, Senate Journal 449, 28th Legislative Assembly.

It is important to note at this point that the initiated measure created the State Laboratories Department and the office of Director thereof. The Director was given general charge of the Department, subject

to the supervision of a commission also created by the measure. Neither the office nor the duties have been changed by the specific amendments or by the revision of the Code in 1943. As the initiated measure still expresses the original will of the electors, it retains its initiative character.

 As the veto of the line item providing for the Director's salary in the general appropriation bill has the legal effect of eliminating the Director, it destroys an office created by the initiated measure and thus violates that portion of Section 25 of our State Constitution, which prohibits the extension of the Governor's veto power to an initiated measure. An argument is made that the veto did not have this effect, for the reason that clerkhire funds appropriated for the Department could be used to pay the salary of the Director, and that said funds were used at the Governor's suggestion to pay the Director's salary. One answer to this argument is that it is stipulated that the clerkhire funds appropriated to the State Laboratories Department are depleted. Another answer is that there is no appropriation for the payment of the salary of the Director if the veto is effective, and where there is no appropriation, no recourse can legally be had to the Emergency Commission for a transfer of funds from another line item of the State Laboratories Department appropriations or from the State Contingency Fund. Backman v. Guy, N.D., 126 N.W.2d 910, at 915.

The action on the part of the District Court granting the peremptory writ is hereby affirmed.

MORRIS, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.